# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| DEVON BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 1:15-cv-0603-LJM-TAB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I. The Motion Pursuant to 28 U.S.C. § 2255**

Petitioner Devon Brown is confined at a federal prison in Colorado serving the executed portion of a sentence imposed by this Court in No. 1:07-cr-060-LJM-MJD. According to Brown, after being sentenced in No. 1:07-cr-060-LJM-MJD he was sentenced to a term of eight years by a Georgia state court and this sentence was to be served concurrent with the federal sentence.

Brown has filed this action pursuant to 28 U.S.C. § 2255 challenging the computation of his federal sentence by the Bureau of Prisons. More specifically, Brown alleges that the present configuration of his sentences by prison authorities calls for his Georgia state sentence to be served consecutive to the federal sentence. This would cause him to serve, in the aggregate, more time than intended by the state court in Georgia.

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner challenges his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). Section 2255 requires the court to vacate, set aside, or correct the sentence of a prisoner in custody if the Court finds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the

sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Here, Brown does not contend that the conviction or sentence in No. 1:07-cr-060-LJM-MJD is infirm in any way. Rather, he challenges the manner in which the sentence is being computed and executed. This is an appropriate challenge under 28 U.S.C. § 2241 because § 2241 provides a vehicle for attacking "the execution, not the validity, of the sentence," *United States v. Ford*, 627 F.2d 807, 813 (7th Cir. 1980), and hence "challenges to the computation of a sentence must be brought under 28 U.S.C. § 2241." *Clemente v. Allen,* 120 F.3d 703, 705 (7th Cir. 1997)(citing *Carnine v. United States,* 974 F.2d 924, 927 (7th Cir. 1992)); *see also United States v. Johnson,* No. CRIM. 08-30236-GPM, 2009 WL 3824583, at *1-2 (S.D. Ill. Nov. 15, 2009)("the United States Court of Appeals for the Seventh Circuit specifically has held that the proper mechanism for challenging the computation of a federal prison sentence is a petition under 28 U.S.C. § 2241") (citing cases).  For him to do this, Brown "must petition against his prison custodian in the federal judicial district where he is confined, not, as he attempts to do here, in this district against this Court." *Id.* at *2 (citing cases). This is because the sole venue for a § 2241 habeas corpus petition is the judicial district where Petitioner is detained. *Webster v. Daniels,* 784 F.3d 1123, 1144 (7th Cir. 2015) (en banc) (citing *Rumsfeld v. Padilla,* 542 U.S. 426, 434–35 (2004)).

For the reasons explained, the Court concludes that 28 U.S.C. § 2255 does not provide a remedy of the sentence computation challenge Brown presents. His 28 U.S.C. § 2255 motion will therefore **denied** and the action dismissed without prejudice.

Judgment consistent with this Entry shall now issue.

**This Entry shall also be entered on the docket in the underlying criminal action, No: 1:07-cr-0060-LJM-MJD-1.**

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Brown has failed to show that reasonable jurists would find it "debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

IT IS SO ORDERED.

Date: 5/19/2016

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Devon Brown
#09079-028
Florence-High USP
Inmate Mail/Parcels
P.O. Box 7000
Florence, CO 81226

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.